## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRY SANJUAN HILL-BEY | : |
| Petitioner | : |
| v | : |
| JAMES PEGUESE, WARDEN, *et al.* | : |
| Respondent | : |

Civil Action No. AW-05-212

.. o0o ..

### MEMORANDUM

The above-captioned case was initiated by Petitioner on January 24, 2005, when he filed a

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Because Petitioner seeks to challenge a

conviction from 1995, this Court required Respondents to file an answer to the Petition, limiting the

response to the timeliness issue only.  Paper No. 3.  After the response was filed, Petitioner was

granted an extension of time, up to and including May 31, 2005, to file a reply.   Paper No. 14.

Petitioner has not, however, filed anything further in this case.  For the reasons set forth below, the

Petition for Writ of Habeas Corpus shall be dismissed as untimely.

### Background

Petitioner was convicted of first degree murder, robbery with a deadly weapon, and handgun

offenses in the Circuit Court for Prince Georges County on August 24, 1995.  Paper No. 8 at Ex. 1.

His convictions were subsequently upheld on appeal by the Maryland Court of Special Appeals on July

1, 1996.  *Id*. Petitioner sought further review by the Maryland Court of Appeals, but, by order dated

November 20, 1996, that court declined further review of the case.  *Id*. at Ex. 3.  Though he did not

seek further review on direct appeal,  Petitioner had 90 days, or until February 18, 1997. to file a

petition for writ of certiorari with the United States Supreme Court,. S. Ct. Rule 13.1.  Thus,

Petitioner's convictions became  final on February 18, 1997. [1] *Wade v. Robinson*, 327 F. 3d 328, 330

(4th Cir.  2003).

On March 11, 1997, Petitioner filed his first post conviction proceeding in the Prince George's

County Circuit Court.  Paper No. 8 at Ex. 1, p. 5.  Post-conviction relief was denied by order dated

November 5, 1998.  *Id*. at p. 8.  Petitioner's application for leave to appeal filed with the Court of

Special Appeals was denied by per curiam decision issued on April 15, 1999.  *Id*. at Ex. 4.  The

mandate issued on May 17, 1999.[2]  *Id*.

Petitioner claims, and Respondents concede that he was never informed of the decision by the

Court of Special Appeals regarding his application for leave to appeal.  Paper No. 12.  He asserts that

because the failure to inform him of the decision was an omission committed by state employees of the

court, he is entitled to equitable tolling of the statute of limitations.  *Id*.  He further asserts that he did not

find out about the decision until October 19, 2004, when he received a response to a letter he wrote to

the Clerk of the Prince Georges County Circuit Court, inquiring about the status of his application for

leave to appeal.[3]  *Id*. at Ex. 6.

---

[1] Petitioner had until February 18, 1998 to file a federal habeas corpus petition.  The statute of
limitations is tolled, however, while any properly filed post-conviction action is pending.

[2] Petitioner's post conviction proceedings, therefore, ended on that date and the statute of
limitations for purposes of a federal habeas corpus petition was no longer tolled.  *See Sherman v. State*,
323 Md. 310, 311– 12, 593 A. 2d 670, 671 (1991) (no certiorari jurisdiction in post conviction proceedings
where application for leave to appeal is denied).

[3] Petitioner's letter is dated October 16, 2004.  *Id*.  Although Petitioner claims in a letter dated
July 2, 2001 addressed to the Clerk of the Circuit Court that he first inquired about the status of his
application for leave to appeal on April 29, 1999, that letter merely inquires about the timeliness of his

**Standard of Review**

There is a one year statute of limitation period for filing a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Under 28 U.S.C. § 2244 (d), the one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of the time for seeking
> such review; (B) the date on which the impediment to filing an
> application created by State action in violation of the Constitution or
> laws of the United States is removed, if the applicant was prevented
> from filing by such State action; (C) the date on which the constitutional
> right asserted was initially recognized by the Supreme Court, if the right
> has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or (D) the date on
> which the factual predicate of the claim or claims presented could have
> been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

This one year period is tolled while properly filed post conviction proceedings are pending. *See*

28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th  Cir. 2000); *Hernandez v.*

*Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000).  In addition,  "the one year limitation period is also

subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's

own conduct – it would be unconscionable to enforce the limitation against the party.'"  *Hill v.*

*Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330.  To be entitled to

equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by

Respondents contributed to his delay in filing his petition or that circumstances that were beyond his

---

application for leave to appeal.  Paper No. 8 at Ex. 5.   Other letters written by Petitioner, addressed to
the Attorney General's office and the Public Defender's Collateral Review Division, seek assistance in
obtaining a copy of the post-conviction transcript.  Paper No. 8 at Ex. 6– 9.

3

control caused the delay.  *See Harris* 209 F. 3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

## Analysis

The instant petition has been filed approximately four years and eight months beyond the applicable filing deadline. Petitioner's position that the failure of the Court of Special Appeals to notify him of the decision on his application for leave to appeal amounted to a denial of due process, entitling him to a tolling of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B) is without merit.  Even assuming Petitioner had a legal right to be notified of the decision, the failure to notify him is not an impediment to filing a federal habeas corpus petition. Petitioner could have filed his federal petition prior to knowing the result of his application for leave to appeal, explaining that he had not yet received a decision.  This Court has the discretionary authority to use stay and abeyance procedures in such a case in order to avoid an unnecessary dismissal.  *Rhines v. Weber*, ___ U.S. ___, ___, 125 S. Ct. 1528, 1534 (2005).

Alternatively, Petitioner seeks the benefit of  equitable tolling of the statute of limitations. Petitioner has not presented sufficient evidence that he is entitled to an equitable tolling. The only inquiries made by Petitioner concerning the status of the application for leave to appeal, were directed to the Clerk of the Prince Georges County Circuit Court.  The first letter sent directly addressing the issue of the status of the application for leave to appeal is dated July 2, 2001.  Paper No. 8 at Ex. 10. There is no evidence of any further efforts to determine the status of the application for leave to appeal until Petitioner wrote again in October of 2004.  *Id*. at Ex. 11.   While a similar situation may excuse a

delay of weeks or even months, the length of the delay in this case is unreasonable and is attributable to

Petitioner's failure to make a timely inquiry to the proper court.  Petitioner failed to exercise the

requisite due diligence, and he has failed to present evidence of extraordinary circumstances which

would entitle him to equitable tolling.  *See Rouse v. Lee*, 339 F. 3d 238, 257 (4th Cir. 2003) (declining

to apply the doctrine of equitable tolling in a death penalty habeas where attorney error caused the

deadline to be missed by one day).   Consequently, the petition for writ of habeas corpus must be

dismissed as untimely.  A separate Order follows.


<u>June 22, 2005</u>                                    _____/s/_____
Date                                                    Alexander Williams, Jr.
                                                        United States District Judge